## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as trustee, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>AL PEAKE & SONS, INC., an Ohio corporation, d/b/a AL PEAKE & SONS PRODUCE, )<br><br>*Defendant*. | Case No. 22CV2350<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Charles A. Whobrey, one of the Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1.    This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is a suit to recover employer contributions owed to the Fund by the Defendant in accordance with applicable collective bargaining and trust fund agreements and to remedy the Defendant's failure to comply with its obligation to pay all required contributions and associated interest owed to the Fund in accordance with applicable collective bargaining agreements and the Fund's Trust Agreement.

2.    This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.     Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to compel an audit and collect unpaid contributions.

## PARTIES

4.      The Fund is an employee benefit plan and trust, with its principal office located at 8647 W. Higgins Rd., Chicago, IL 60631.

5.     The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6.     Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.     Defendant Al Peake & Sons, Inc., d/b/a Al Peake & Sons Produce ("Al Peake & Sons") is a corporation organized under the laws of the State of Ohio. Al Peake & Sons is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.      Local Union No. 20 (the "Local Union") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Al Peake & Sons and employees of other employers in industries affecting interstate commerce.

9.      During relevant times, Al Peake & Sons and the Local Union have been parties to collective bargaining agreements pursuant to which Al Peake & Sons has been required to make contributions to the Fund on behalf of certain of its covered employees.

10.     Al Peake & Sons agreed to be bound by the terms of the Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

11.     The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

12.     Under the Trust Agreement, Al Peake & Sons was required to "remit continuing and prompt contributions to the [Fund] as required by the applicable collective bargaining agreement . . ."

13.     The Fund's Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees

for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14.     The Trust Agreement also permits the Fund to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by the employers.

15.     Article XIV, Section 12 of the Trust Agreement provides as follows:

An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

## STATUTORY AUTHORITY

16.     Section 515 of ERISA, 29 U.S.C. §1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms

-4-

of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17.    Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of--

      (i)    interest on the unpaid contributions, or

      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

18.    Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides in pertinent part:

A civil action may be brought--

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provisions of the subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan. . . .

## STATUTORY AND CONTRACTUAL VIOLATIONS

19.    By letter dated January 15, 2020, the Fund informed Al Peake & Sons of the Fund's request to perform an audit and review Al Peake & Sons' records for the period of 2017 through

2019 (the "2017-2019 Audit Period"). The letter stated the purposes of the audit were to identify all eligible plan participants, verify that contributions were properly reported for the 2017-2019 Audit Period, and verify compliance with the Trust Agreement and Fund's rules.

20.     From January 27, 2020, through January 26, 2022, the Fund has on multiple occasions requested that Al Peake & Sons produce records requested by the Fund for the 2017-2019 Audit Period.

21.     To date, Al Peake & Sons has produced some of the records requested for the 2017-2019 Audit Period but has failed and refused to produce all records requested. Specifically, Al Peake & Sons produced IRS Form 941s (April 1, 2018-December 30, 2018, and all of 2019), withholding reconciliation (1st Quarter of 2018), IRS Form W-2s/W-3 (2018 and 2019), IRS Form 1099s/1096 (2018 and 2019), Data Service earning records, Benefits Workman's Compensation Injury Reports, personnel documents and employee job listing, and A/P Vendor Listing (2019). However, Al Peake & Sons has failed to provide documents from the year 2017 through the first quarter of 2018, including IRS Forms 941, IRS Forms W-3 and W-2 (2017), ADP payroll registers, employee job listings for 2017 and personnel files for the 2017—2019 Audit Period.

22.     By letter dated January 26, 2022, the Fund notified Al Peake & Sons of the Fund's intent to expand its audit beyond the 2017-2019 Audit Period to include the period of 2020 through 2021 (the "2020-2021 Audit Period"). The January 26, 2022 letter again requested documents in connection with the 2017-2019 Audit Period and also requested the documents needed to expand the audit to include the 2020-2021 Audit Period.

23.     To date, Al Peake & Sons has not responded to the Fund's January 26, 2022 letter so no records have been produced for the 2020-2021 Audit Period.

24.     During the period of 2017 through 2021, Al Peake & Sons reported the work history of its covered employees to the Fund. The records produced by Al Peake & Sons for the 2017-2019 Audit Period revealed that Al Peake & Sons failed to accurately and completely report employee work history for the second quarter of 2018 through the fourth quarter of 2019. Based upon the reporting errors detected by the audit for the second quarter of 2018 through the fourth quarter of 2019, the Fund believes there were also reporting errors for the period of the first quarter of 2017 through the first quarter of 2018, as well as the 2020-2021 Audit Period. As a result, the Fund believes that there are additional unpaid contributions and interest owed for the first quarter of 2017 through the first quarter of 2018 as well as the 2020-2021 Audit Period in amounts that are not known with specificity.

25.     Al Peake & Sons has breached the provisions of ERISA, the collective bargaining agreements and the Trust Agreement by failing to pay all the contributions and interest owed to the Fund for the period from 2017 through 2021.

26.     As a result of the conduct alleged in paragraphs 24-25, Al Peake & Sons owes the Fund: a) contributions for the period from the second quarter of 2018 through 2019 in the amount of $54,802.30 and interest on the unpaid contributions due to the misreporting of the work history of eligible employees and b) contributions (and interest thereon) for the first quarter of 2017 through the first quarter of 2018 and 2020 through 2021 due to the misreporting of the work history of eligible employees in amounts that are not currently known.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), for:

(i)     all unpaid contributions owed to the Fund;

(ii)     interest on the unpaid and untimely contributions computed and charged at the greater of (a) an interest rate equal to two percent (2%) plus the prime interest rate established by J.P. Morgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, (b) an annualized interest rate of 7.5%;

(iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

(iv)    attorney's fees and costs;

(v)     audit fees and costs.

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by J.P. Morgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, or (ii) an annual his interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further and different relief as this Court may deem proper and just.

Respectfully Submitted,

*/s/ Rachel N. Spence*
Rachel N. Spence (ARDC # 6339713)
Attorney for Plaintiffs
8647 W. Higgins Rd.
Chicago, IL 60631
847-582-5118
rspence@centralstatesfunds.org

May 5, 2022